Jose aka Molina aka Joe Molina
14625 Carmenita Road, Suite 202
Cerritos, CA 90650
(310) 421-8601
No Fax
No Email

In Pro Per



FILED
CLERK, U.S. DISTRICT COURT
OCT 31 2023
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

- IFP Submitted

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONG CHO aka TINA CHO, an individual<br>Plaintiff,<br><br>vs.<br><br>943 NORMANDIE LLC, a California limited company; JOSE MOLINA aka JOE MOLINA, an individual; and DOES 1 through 50, inclusive,<br>Defendant | Case No.: 2:23-cv-09162-GW-(KSx)<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. 1332, 1391, 1441 (a) and 1446**<br><br>**SUPERIOR COURT OF CALIFORNIA CASE NO. 21STCV43057**<br><br>BY FAX |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. 1332, 1391, 1441 (a) and 1446, the Defendant, Jose Molina aka Joe Molina, Pro Se, files this Notice of Removal of this case from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. In support of this Notice of Removal, Defendant states as follows:

**CASE BACKGROUND AND FOUNDATION FOR REMOVAL**

1. On or about 11/22/2021, Plaintiff commenced an action in the Superior Court of California, in Los Angeles County against the Defendant/Cross Plaintiff. Defendant/Cross Plaintiff currently has a pending Complaint filed against the Plaintiff for Various Violations of the California Civil Code, Declaratory Relief, and/or Intentional Misrepresentation and other causes of action against the Plaintiff of this case.

2. Defendant/Counter Plaintiffs presently seek judgment against Plaintiff for injuries that Defendant/Counter Plaintiffs allegedly suffered as a result of various violations under the Fair Debt Collection Practices Act. Defendant/Counter Plaintiff's claims against Plaintiff are based on Plaintiff's alleged misrepresentation of the amount of debt due, and their own fraudulent actions.

3. True and correct copies of the Summons, Complaint and other pleadings or orders are Attached as Exhibit "A" and incorporated by reference.

4. This Court has original jurisdiction over the matter pursuant to 28 U.S.C. 1331. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. 1441 because it is a civil action based upon the Federal Debt Collection Practices Act.

5. Venue is proper in this Court because the State Court Action is pending in the Superior Court of California, Los Angeles County. See 28 U.S.C. 1441 (a).

**COMPLETE DIVERSITY OF CITIZENSHIP**

### AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

7. Plaintiff does not quantify the amount of damages they seek to recover in this case. See complaint, Prayers for Relief. From the face of the Complaint, however, it is apparent that the amount in controversy more likely than not exceeds $75,000.00, exclusive of interest and costs.

8. "The amount in controversy is ordinarily determined by the allegations of the Complaint, or, where they are not dispositive, by the allegations in the Notice of Removal". See *Laughlin v. Kmart Corp., 50F.3d 871, 873 (10th Cir.), cert denied, 516 U.S. 863 (1995).*

9. When the plaintiff's damages are unquantified in the Complaint, the amount in Controversy can be established by allegations in the Removal Notice by reference to allegations on the face of the Complaint. *Cv. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir 2001).* More specifically, the amount in controversy requirement can be satisfied by showing that it is facially apparent from the Complaint that the claims more likely than not exceed $75,000.00. See *Allen v. R&H Oil and Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); Accord Singer v. State Farm Mutual Automobile Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997);* See also *Gilmer v. The Walt Disney Co., ET all., 915 F. Supp. 1001, 1007 (W.D. Ark 1996).*

10. Here, the amount in controversy more like than not exceeds $75,000.00 based on Plaintiff's claims, their alleged injuries and the recovery sought.

11. Defendant/Counter Plaintiff denies the allegations in the Complaint. Taking those allegations on their face as true, however, as this Court must do for the purpose of determining the propriety of removal, it is clear that Plaintiff's claims, as evidenced by the documents attached hereto as Exhibit "A" demonstrate an amount in controversy in excess of $75,000.00

12. Given the complete diversity of the real parties and an amount in the controversy in excess of $75,000.00, this Court has jurisdiction over the causes of action and claims asserted in the

State Court Action pursuant to 28 U.S.C. 1332, and this action properly is removable pursuant to 28 U.S.C. 1441.

13. Diversity jurisdiction further exists in this case based on the following:

   A. The Plaintiff, BONG CHO aka TINA CHO, an individual, and/or its Successors and/or Assignees in Interest, cannot state a claim for return of, damages to or diminution in volume of assets it does not own, or can prove ownership.

   B. Based on its lack of ownership of the subject property, the Plaintiff, BONG CHO aka TINA CHO, an individual, and/or its Successors and/or Assignees in Interest, has no standing to bring the claims set forth in their Complaint or Motion.

   C. Due to the fact that the Plaintiff, BONG CHO aka TINA CHO, an individual, and/or its Successors and/or Assignees in Interest, cannot state a claim upon which relief may be granted, the only proper parties to this action are the Defendant/Cross Plaintiff.

14. If the party with no standing is disregarded, this Court has original jurisdiction over the action pursuant to 28 U.S.C. 1332, and this case may be removed to this Court pursuant to U.S.C. 1441 (a).

**OTHER ISSUES**

15. This Notice of Removal is timely filed. See 28 U.S.C. 1446(b).

16. This Notice of Removal has been served on Plaintiff's counsel. A Notice of Filing of Notice of Removal to Federal Court (attached as Exhibit "A") will be filed in the Superior Court of California, County of Los Angeles, as soon as this Notice of Removal has been filed in this Court.

17. A Copy of the complete record maintained by the Clerk of the Superior Court, County of Los Angeles, California is attached to this Notice of Removal as Exhibit "A".

**CONCLUSION**

Because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. 1332. Defendant is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. 1441.

Wherefore, Defendant requests that the action now pending before the Superior Court of California, County of Los Angeles, Civil Action No. 21STCV43057, be removed to this Court.

Dated: 10/30/2023

*[signature]* BY FAX

Jose Molina aka Joe Molina, In Pro Per

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 10/30/2023, he served a copy of

## NOTICE OF REMOVAL

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and address shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Los Angeles, California.

Robert L. Bachman ESQ #56489
360 E. 1st St. #986
Tustin, CA 92780
(949)653-5974

BY FAX

_____
Kevin George

Jose Molina aka Joe Molina
14625 Carmenita Road, Suite 202
Cerritos, CA 90650
(310) 421-8601
No Fax
No Email
In Pro Per

SUPERIOR COURT, STATE OF CALIFORNIA
FOR THE COUNTY OF Los Angeles

BONG CHO aka TINA CHO, an individual,

    Plaintiff,

Vs.

943 NORMANDIE LLC, a California limited company; JOSE MOLINA aka JOE MOLIA, an individual; and DOES 1 through 50, inclusive,

    Defendant

Case No. 21STCV43057

**DEFENDANT´S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT**

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD PLEASE TAKE NOTICE that defendant, Jose Molina aka Joe Molina, today filed in the office of clerk of the United States District court for the Central District of California, a Notice and Petition removing the above-captioned pending action to The United States District Court.

**FEDERAL CASE#** _____

Pursuant to 28 U.S.C. 1446(d), the filing of The Petition for Removal with the clerk of the District Court together with giving of this notice **"shall effect the removal and The State Court shall proceed no further unless and until the case is remanded"** by the United States Court for The Central District of California.

Date: 10/30/2023      BY: _____
                                         Jose Molina aka Joe Molina, In Pro Per

COMPLAINT REMOVING TO FEDERAL COURT- 7

# Exhibit "A"

SUM-110

# SUMMONS
# Cross-Complaint
## (CITACION JUDICIAL—CONTRADEMANDA)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*
BONG CHO AKA TINA CHO AND ROES 1 THROUGH 10, INCLUSIVE

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*

943 NORMANDIE, LLC, a California limited liability company

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por esqrito en esta corte y hacer que se entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o oniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Los Angeles Superior Court-Stanley Mosk Courthouse
111 North Hill St., Los Angeles, CA 90012

SHORT NAME OF CASE *(from Complaint)*. *(Nombre de Caso):*

CASE NUMBER: *(Número del Caso):*

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):*

Robert L. Bachman, Esq. 360 E. 1st ST. #986, Tustin, CA 92780 (949)653-5974 Tel

DATE:                                           Clerk, by                                      , Deputy
*(Fecha)*                                       *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-110 [Rev. July 1, 2009]

**SUMMONS—CROSS-COMPLAINT**

Code of Civil Procedure, §§ 412.20, 428.60, 465
www.courtinfo.ca.gov

Robert L. Bachman, Esq. SBN 56489
360 E. 1st St. #986
Tustin, CA 92780
(949)653-5974-TELEPHONE
(949)653-5984-FAX
rlbesq@aol.com
rlbesq@bachmanlaw.com

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BONG CHO aka TINA CHO, an individual, | Case No.: 21STCV43057 |
| Plaintiff, | Assigned for All Purposes to: <br> HONORABLE RICHARD J. BURDGE <br> Department 37 |
| vs. | |
| 943 NORMANDIE LLC, a California limited company; JOSE CROSS-COMPLAINANT'S MANAGING MEMBER, MOLINA aka JOE MOLIA, an individual; and DOES 1 through 50, inclusive, | CROSS-COMPLAINT BY 943 NORMANDIE LLC FOR: <br><br> 1. BREACH OF CONTRACT; <br> 2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; <br> 3. SPECIFIC PERFORMANCE; AND <br> 4. UNJUST ENRICHMENT. |
| Defendants. | |
| 943 NORMANDIE, LLC, a California limited liability company, | |
| Cross-Complainant, | |
| BONG CHO aka TINA CHO and ROES 1-10, INCLUSIVE, | |
| Cross-Defendant. | |

COMES NOW Cross-Complainant 943 NORMANDIE LLC ("Cross-Complainant") and complains against Cross-Defendant BONG CHO aka TINA CHO ("Cross-Defendant" or "Cho") and ROES 1 through 25 as follows:

1

**CROSS-COMPLAINT FOR DAMAGES, SPECIFIC PERFORMANCE, AND OTHER EQUITABLE RELIEF BY CROSS-COMPLAINANT 943 NORMANDIE, LLC**

## THE PARTIES

1. At all times herein mentioned, Cross-Complainant 943 Normandie, LLC ("Cross-Complainant") is a limited liability company organized under the laws of the State of California with its principal place of business located at 14625 Carmenita Road, Suite 202, Cerritos, CA 90650. Cross-Complainant is in the business of developing and remodeling real properties.

2. Cross-Complainant is informed and believes and based thereon alleges that at all times mentioned herein, Cross-Defendant is an individual residing in the County of Los Angeles, California.

3. Cross-Complainant does not know the true names and capacities of Cross-Defendants sued here as ROES 1-10, inclusive, and Cross-Complainant will amend this cross-complaint to state their true names and capacities when they have been ascertained.

4. Upon information and belief, Cross-Complainant alleges that each of the fictitiously named Cross-Defendants are responsible in some manner or form for the failure of Cross-Defendants to proceed as instructed to close the real estate transaction contemplated by a purchase and sale agreement set forth below.

5. Upon information and belief, Cross-Complainant alleges that each Cross-Defendants, both named and designated as ROE, was an agent, partner, or successor of each other Cross-Defendants, and, in doing the things hereinafter alleged, was acting within the scope and purpose of such agency or partnership with full knowledge of the facts and with the ratification and approval of each other.

6. The claims which are subject of this action arose in the County of Los Angeles, State of California, and are not subject to the provisions of California Civil Code sections 1812.10, 2984.4, or California Code of Civil Procedure section 395(b).

## GENERAL ALLEGATION

7. On or about March 6, 2020, at Los Angeles, California, Cross-Complainant, by and through its managing members, and Cross-Defendant Cho, ROES 1-10 entered into a written California Residential Purchase Agreement and Joint Escrow Instructions (the "PSA") for the purchase of certain real property commonly known as 3200 San Marino Street, Los Angeles,

CROSS-COMPLAINT FOR DAMAGES, SPECIFIC PERFORMANCE, AND OTHER EQUITABLE RELIEF BY CROSS-COMPLAINANT 943 NORMANDIE, LLC

California 90006, AP 5078-001-001 (the "Subject Property") for the sum of four hundred eighty thousand dollars ($480,000.00). A true and correct copy of the PSA is attached hereto as **Exhibit 1** and is incorporated herein by this reference.

8. The parties agreed to close escrow.

9. At all times it was contemplated by all parties that in order to close the real estate transaction alleged above, Cross-Defendant needed to *sign* a grant deed conveying her rights into the property to the purchaser.

10. The parties went through constant renegotiation and on several occasions the instructions to escrow were amended.

11. On or about May 21, 2020, at 5:02 P.M. PDT, Cross-Complainant sent an electronic email to Ms. Sarah Lee of Central Escrow LA and Cross-Defendant Cho noting as follows:

> **Sarah, please send me latest escrow instructions.**
>
> **As a Revision:**
>
> **1. $10k gets released to Seller tomorrow[.]**
>
> **2. $2k gets deposited in Escrow by buyer[.]**
>
> **3. $10k increase deposit in 60 days[.]**
>
> **4. Upon $10k Release simultaneously Seller to deposit Grant Deed with Escrow.**
>
> **Addendum/buyer takes possession tomorrow and can commence rehab.**
>
> [Emphasis added.]

Attached hereto as **Exhibit 2** is a true and correct copy of the electronic mail sent on May 21, 2020.

12. Cross-Complainant's managing member, Joe Molina, became frustrated with the constant changes and requested a meeting with Cross-Defendant Cho so that they could meet at Central Escrow LA located at 3660 Wilshire Boulevard, Suite 108, Los Angeles, California. Cross-Defendant Cho and Cross-Complainant's managing member, Joe Molina, met with Ms. Sarah Lee of Central Escrow LA. On or about May 22, 2020, the meeting took place at 1:00 P.M. At that meeting and time, in front of Cross-Defendant Cho, Cross-Complainant's managing

1  member, Joe Molina instructed Ms. Sarah Lee to prepare a grant deed on the transaction and to
2  present that via electronic mail to Cross-Defendant Cho for her signature and to amend the
3  escrow instructions to reflect the changes. Previously, by way of email, Cross-Defendant had
4  requested the same. Cross-Defendant Cho did not raise any objection, protest, or raise any
5  dispute as to said instructions to sign the grant deed and to deliver it to Central Escrow LA.
6  Cross-Complainant's managing member, Joe Molina, then further instructed Ms. Sarah Lee of
7  Central Escrow LA that the funds deposited by the buyer in the transaction should **not** be
8  released to Cross-Defendant Cho until such time she delivered and deposited a *signed* grant deed
9  with Central Escrow LA. All parties were in agreement. No one disagreed or objected.

10  13. On or about May 26, 2020, Ms. Sarah Lee of Central Escrow LA forwarded via
11  electronic mail a copy of the grant deed to all parties, including but not limited to Cross-
12  Defendant Cho and Cross-Complainant's managing member, Joe Molina . Attached hereto as
13  **Exhibit 3** is a true and correct copy of said email with a copy of the grant deed delivered and
14  with instructions that it be signed by Cross-Defendant Cho.

15  14. At no point did Cross-Defendant Cho sign the grant deed. On information and
16  belief, she also did not deliver and deposit the signed grant deed with Ms. Sarah Lee of Central
17  Escrow LA per the instructions contained in the electronic mail sent to Cross-Defendant Cho on
18  May 26, 2020, and per the subsequent meeting where all parties had agreed on how to proceed to
19  close the transaction.

20  15. Cross-Complainant's managing member, Joe Molina, had further instructed Central
21  Escrow LA not to release any funds until such time Cross-Defendant Cho had delivered and
22  deposited with Central Escrow LA the signed grant deed. Despite such instructions, Central
23  Escrow LA released funds in the amount of ten thousand dollars ($10,000.00) on or about June
24  5, 2020.

25  16. On information and belief, Cross-Defendant Cho received this first disbursement of
26  funds in the amount of ten thousand dollars ($10,000.00) and did **not** sign the grant deed and
27  deposit with Central Escrow LA the signed grant deed delivered to her on May 26, 2020 as she
28  had been instructed to do by Central Escrow LA.

17. Cross-Complainant's managing member, Joe Molina, had further instructed Central Escrow LA not to release any funds until such time Cross-Defendant Cho had delivered and deposited with Central Escrow LA the grant deed. Despite such instructions, Central Escrow LA released funds in the amount of fifteen thousand dollars ($15,000.00) by mistake on or about June 11, 2020.

18. On information and belief, Cross-Defendant Cho received this **second** disbursement of funds in the amount of fifteen thousand dollars ($15,000.00) and did **not** sign the grant deed, and deposit with Central Escrow LA the signed grant deed delivered to her on May 26, 2020.

19. Cross-Complainant at all times fully performed as per the last instructions and directions given to Escrow to changed how the transaction would be closed by the parties.

20. At the time of this complaint, Cross-Defendant by her omissions has refused to sign for well over **twenty (20) months** after escrow requested that she sign the grant deed on or about May 26, 2020.

21. As a direct result of Cross-Defendant's refusal to sign, Cross-Complainant could no longer continue in the process and release even further significant amounts to close the transaction as Cross-Defendant Cho was defiant that she would not sell the property and Cross-Complainant's performance was excused.

22. Prior to this, on multiple occasions, Cross-Defendant Cho and Cross-Complainant's managing member, Joe Molina, had spoken face-to-face and Ms. Cho had indicated to him that she did not want to close the transaction because his development project next door the the Subject Property had increased the value of her property and she wanted out of the transaction and wanted to cancel. She indicated that clearly and unequivocally to Cross-Defendant. This was the reason why Cross-Defendant lost faith in Ms. Cho's ability to honor the written agreement and proceed in good faith to close the transaction and restructured the transaction through a meeting at Central Escrow LA to cause the signature of the grant deed to occur first before funds would be released. Cross-Complainant's managing member, Joe Molina, accurately saw the lack of good faith on the part of Cross-Defendant and saw it as a ploy to continue to renegotiate the deal for a higher purchase price in favor of Cross-Defendant Cho.

**CROSS-COMPLAINT FOR DAMAGES, SPECIFIC PERFORMANCE, AND OTHER EQUITABLE RELIEF BY CROSS-COMPLAINANT 943 NORMANDIE, LLC**

## JURISDICTION AND VENUE

23. Jurisdiction and venue for this action properly lies with the Superior Court for the County of Los Angeles as the agreement on the aforementioned Subject Property was entered into in Los Angeles County, California.

## FIRST CAUSE OF ACTION

## BREACH OF WRITTEN CONTRACT

### (As Against All Cross-Defendants)

24. Cross-Complainant hereby realleges and incorporates by reference paragraphs 1 through 22 hereof as if fully set forth herein.

25. Cross-Complainant has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contract.

26. For over a year, Cross-Defendants have failed and refused to faithfully perform the contract and breached the contract by unreasonably interfering with the efforts of Cross-Complainant to acquire, purchase, renovate, construct, and refinance the Subject Property and by breaching the covenant of good faith and fair dealing inherent in every contract.

27. Each of the incidents specified in paragraphs 10 through 20, among others, constitute a separate and independent material breach of the PSA between the parties. Collectively, these actions have materially breached the PSA as a whole and deprived Cross-Complainant of its contractual rights and the consideration it was entitled to receive.

28. On several occasions before filing this cross-complaint, Cross-Complainant through escrow has made a demand on Cross-Defendants to faithfully perform the contract by signing and delivery the grant deed, but Cross-Defendant Cho failed, refused, and neglected to do so.

29. As a proximate result of Cross-Defendant's failure and refusal to faithfully perform the contract, Cross-Complainant has suffered damages in a sum according to proof at trial, plus interest thereon at the legal rate as may be determined by the court, plus attorneys' fees if provided for in the contract, plus costs of suit, and such other and further sums as may be determined at trial.

**CROSS-COMPLAINT FOR DAMAGES, SPECIFIC PERFORMANCE, AND OTHER EQUITABLE RELIEF BY CROSS-COMPLAINANT 943 NORMANDIE, LLC**

30. WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (As Against All Cross-Defendants)

### (Breach of Good Faith and Fair Dealing As Against All Defendants)

31. Cross-Complainant hereby realleges and incorporates by reference paragraphs 1 through 22 hereof as if fully set forth herein.

32. Cross-Complainant did all, or substantially all of the significant things that the PSA and later by agreements required to do. When Cross-Defendant failed to perform her end of the bargain by failing to sign and deliver the grant deed to Central Escrow LA, Cross-Complainant was further excused from having to do anything further in this transaction.

33. All conditions required Cross-Defendant Cho to perform by signing the grant deed.

34. The refusal by Cross-Defendant to sign and deliver the grant deed to Central Escrow LA deprived Cross-Complainant from receiving the benefits under the agreement between the parties.

35. Cross-Defendant Cho by failing to sign and deliver the grant deed to Central Escrow LA did not act fairly and in good faith.

36. In summary, a covenant of good faith and fair dealing is implied in every contract. Cross-Defendant has engaged in a deliberate course of conduct to breach, undermine, and frustrate the agreement. This conduct evidences Cross-Defendants bad faith and breach of the covenant of good faith and fair dealing. As a result of these breaches, Cross-Complainant has suffered substantial direct and consequential damages, will continue to suffer damages, and has been deprived of the benefit of his agreement with Cross-Defendants.

37. WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as hereinafter set forth.

\ \ \

\ \ \

## THIRD CAUSE OF ACTION

## SPECIFIC PERFORMANCE

### (As Against All Cross-Defendants)

38. Cross-Complainant hereby realleges and incorporates by reference paragraphs 1 through 22 hereof as if fully set forth herein.

39. Cross-Complainant's remedy in damages or in an action at law for this breach of Cross-Defendant's duties under the purchase agreement annexed hereto will be inadequate to protect Cross-Complainant's rights in the Subject Property and protect the investment of time, labor materials, and costs expended in restoring the Subject Property by brining it into compliance under the building codes of the City of Los Angeles or to grant Cross-Complainant adequate relief.

40. The Cross-Complainant continues to refuse to sign the grant deed and deliver it to escrow.

41. Cross-Defendants wrongful detention of the funds released along with her refusal to sign the grant deed would constitute unjust enrichment.

42. WHEREFORE, Cross-Complainant prays for judgment against Cross-Defendants, and each of them, as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## UNJUST ENRICHMENT

### (As Against All Cross-Defendants)

43. Cross-Complainant hereby realleges and incorporates by reference paragraphs 1 through 22 hereof as if fully set forth herein.

44. Cross-Complainant is informed and believes, and on that basis alleges, that Cross-Defendants improperly refused to sign the grant deed presented by Central Escrow LA for signature and has continued to refuse to sign. Moreover, Cross-Complainant on information and belief, and on that basis alleges, that Cross-Defendant sought to find "fault" per the terms of agreement by the parties so that she could gain advantage and keep all improvements on the

property and keep all the monies disbursed to her by escrow without having a proper basis for doing so.

45. As a result of Cross-Complainants wrongful conduct, Cross-Defendants have been unjustly enriched at the expense of Cross-Complainant as described above.

46. As a direct and proximate result of Cross-Defendants actions and omissions, Cross-Complainant has suffered damages, including losses described above and other losses presently unknown to further alleged when discovered. Cross-Complainant is entitled to a constructive trust and restitution of the amounts wrongfully taken and retained by Cross-Defendants at Cross-Complainant's expense.

## PRAYER

**As to the First Cause of Action:**

1. For general damages in an amount to be proven at trial;

2. For special damages in an amount to be proven at trial;

**As to the Second and Fourth Cause of Action:**

3. For constructive trust and restitution of amounts wrongfully taken to be proven at trial.

**As to the Third Cause of Action:**

4. For an order compelling the Sale of the Subject Property to Cross-Complainant on the agreed terms reflected on the PSA;

5. For an Order that the court will retain jurisdiction of this action in order to implement and carry out the terms of all orders and decrees that may be entered herein or to entertain any suitable application or motion by Cross-Complainant for additional relief within the jurisdiction of this Court.

**As to all Causes of Action:**

6. For interest on the damages in an amount to be proven at trial;

7. For attorneys' fees and costs of suit incurred herein to the extent permitted by law; and

CROSS-COMPLAINT FOR DAMAGES, SPECIFIC PERFORMANCE, AND OTHER EQUITABLE RELIEF BY CROSS-COMPLAINANT 943 NORMANDIE, LLC

8. Any such or further relief that the court considers appropriate and proper.

CROSS COMPLAINANT

943 NORMANDIE LLC, a California Limited Liability Company

Dated: February 7, 2022

ROBERT L. BACHMAN, ESQ ATTORNEY FOR CROSS COMPLAINANT